UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**08-81363**

BEYOND SYSTEMS, INC.

V.

CONNEXUS CORP, et al.

_____/

CASE NO: 08-CV-01039 (RGK) (PLAX)
C.D. Cal.

MC-MARRA MAGISTRATE JUDGE JOHNSON

FILED by _____ D.C.
NOV 14 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

### SUNSHINE ADVANCE CORPORATION'S MOTION TO QUASH SUBPOENA AND OBJECTIONS THERETO

COMES NOW, SUNSHINE ADVANCE CORPORATION, (hereinafter referred to as "SUNSHINE") a non-party to this action and requests from this Court an order quashing or modifying the attached subpoena pursuant to Federal Rule of Civil Procedure §45 and further, SUNSHINE ADVANCE CORPORATION states its additional objections thereto. In support of this Motion, SUNSHINE ADVANCE CORPORATION states as follows:

1. SUNSHINE was served with the subpoena attached hereto on or about October 28, 2008 and SUNSHINE files this motion and objections in a timely fashion.

2. The attached subpoena requests that documents be produced for inspection by November 11, 2008. Pursuant to Federal Rule of Civil Procedure §45 (3)(A)(i), the subpoena fails to allow a reasonable time for this non-party to pull its records, discover whether any documents or materials fall within the parameters of the subpoena and comply thereto.

3. The attached subpoena requests documents to be produced for inspection in Washington, D.C. This non-party's offices are in Palm Beach Gardens, Florida as indicated on the subpoena and this action emanates from the United States District Court for the Southern District of Florida. Pursuant to Federal Rule of Civil Procedure §45(3)(A)(ii), the subpoena would require that this non-party's officers or representatives travel more than 100 miles to comply with the subpoena.

4. SUNSHINE has not yet located any documents subject to production but reserves its rights to object on the basis of privilege.

5. The attached subpoena subjects SUNSHINE, a non-party, to undue burden and expense by requiring it to locate and investigate both closed and open files for a four-year period.

6. The attached subpoena is vague, overly broad and burdensome, without limitation, as follows:

a. The definition of "you" and "your" attempts to include individuals or entities that are not within the business parameters or control of SUNSHINE.

b. The definition of "document" is overly broad and vague.

c. Document request ¶ 4 is nonsensical.

    d.    Document request ¶ 13 requests private, privileged business information not calculated to lead to the discovery of admissible evidence and appears unrelated to the parties involved in this litigation or any issues contained therein.

    e.    Document request ¶ 20 requests private, privileged business information not calculated to lead to the discovery of admissible evidence and appears unrelated to the parties involved in this litigation or issues contained therein.

    f.    Document request ¶ 22 requests private, privileged business information not calculated to lead to the discovery of admissible evidence and appears unrelated to the parties involved in this litigation or issues contained therein.

WHEREFORE, SUNSHINE ADVANCE CORPORATION, requests that is Court Quash the attached Subpoena.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via first class mail to the office of Jennie L. Kneedler, Steptoe & Johnson, LLP., 1330 Connecticut Avenue NW., Washington, DC., 20036 on this _?_ day of November, 2008.

L. WESLEY NICHOLS, P.A.
Counsel for Sunshine Advance Corporation
Prosperity Gardens, Suite 204
11380 Prosperity Farms Rd.
Palm Beach Gardens, Fl. 33410
(561) 691-2020 Phone
(561) 622-5531 Fax
By:_____
L. WESLEY NICHOLS
Florida Bar No: 709956

561-691-1636
ATTN: LUCY

SCHWED 11/08/08
8:32 JDL

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Beyond Systems Inc.
v.
Connexus Corp., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08-CV-01039 (RGK) (PLAx)
C.D. Cal.

TO: Sunshine Advance Corp.
600 Sandtree Drive
Suite 209
Palm Beach Gardens FL 33403

VIA Registered Agent:
Corporations USA LLC
341 Raven Circle
Wyoming DE 19934

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE Deliver to: Jennie L. Kneedler, Steptoe & Johnson LLP, 1330 Connecticut Ave NW, Washington DC 20036 | DATE AND TIME 11/11/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff Beyond Systems Inc. | 10/27/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennie L. Kneedler, Steptoe & Johnson LLP, 1330 Connecticut Ave NW, Washington DC 20036 (202) 429-8124

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## ATTACHMENT A TO SUBPOENA

Pursuant to Fed. R. Civ. P. 45, you are hereby commanded to produce the following documents for inspection and copying by **November 11, 2008**, at 9 o'clock, a.m., at the offices of Steptoe & Johnson LLP, 1330 Connecticut Ave., NW, Washington, DC 20036, or at such time and place as may be agreed upon by all counsel.

### INSTRUCTIONS

This subpoena is continuing in character, so as to require that supplemental document responses and production be seasonably served if further or different information is identified with respect to any of the DOCUMENTS TO BE PRODUCED below.

### DEFINITIONS

1. "You" and "your" mean Sunshine Advance Corp., its former and current employees, shareholders, officers, consultants, attorneys, accountants, agents, affiliates and representatives, including corporate affiliates, subsidiaries, and parent corporations, and all other persons acting or purporting to act on their behalf.

2. "Hydra" means Hydra Media Group, Inc., and their former and current employees, shareholders, officers, consultants, attorneys, accountants, agents, affiliates and representatives, including corporate affiliates, subsidiaries, and parent corporations, and all other persons acting or purporting to act on their behalf.

3. "Connexus" means Connexus Corp., Vendare Media, and Net Blue, Inc., and their former and current employees, shareholders, officers, consultants, attorneys, accountants, agents, affiliates and representatives, including corporate affiliates, subsidiaries, and parent corporations, and all other persons acting or purporting to act on their behalf.

4. "Server log" means a log file or files automatically created and maintained by a server to record its activity and communications. This applies to web, e-mail and other server logs.

5. "Document" means all written or graphic matter including all writings, however produced or reproduced, of every kind and description, however denominated, in your actual or constructive possession, custody, care, or control, including, but not limited to the originals (or copies where originals are unavailable), of notices, correspondence, papers, including working papers, electronic mail (including any attachments), telegrams, telexes, facsimiles, notes, or sound recordings or other memorials of any type of personal or telephone conversations or of meetings or conferences, minutes of committee meetings, memoranda, inter- or intra-office communications, calendars, diaries, daily logs, records, reports, studies, estimates, surveys, written forecasts, analyses, contracts, licenses, agreements, charts, graphs, indexes, database or other electronic records, statistical records, data sheets, data processing cards, computer printouts, computer discs, videotapes, motion pictures, or things similar to any of the foregoing, however denominated.

-1-

## DOCUMENTS TO BE PRODUCED

1. All web, e-mail and other server logs, including logs of redirects to your website(s), related to email advertisements sent by an affiliate (publisher) for Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

2. Documents sufficient to show all email advertising campaigns for which you were the advertiser or affiliate (publisher) with Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

3. Documents sufficient to show all exclusive email advertising campaigns for which you were the advertiser in connection with Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

4. One copy of an email that was sent out for each email advertising campaign for which you were the advertiser or affiliate (publisher) with Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

5. Documents sufficient to show all Subject lines for email advertising campaigns for which you were the advertiser or affiliate (publisher) with Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

6. Documents sufficient to show all approved creatives (including images and ad copy) for each email advertising campaign for which you were the advertiser with Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

7. Documents sufficient to show all From lines for each email advertising campaign for which you were the advertiser with Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

8. Documents sufficient to show all advertiser or affiliate (publisher) identification numbers that have been assigned to you by Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

9. Documents sufficient to show all payments you have made for email advertising to Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004, and the email advertising campaign for which the payment was made.

10. All emails or other correspondence from Hydra or Connexus/Vendare Media/Net Blue, Inc. regarding email advertising since 2004.

11. Documents sufficient to show all affiliates (publishers) which sent email for your advertising campaigns with Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

12. Documents sufficient to show all exclusive email advertising campaigns you have had with Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

-3-

13. Documents sufficient to show all domain names you have owned or that have been used on your behalf since 2004.

14. Documents sufficient to show all domain names you used in email advertising with Hydra or Connexus since 2004. This includes but is not limited to all domains used in From lines, Subject lines, URLs, landing pages, redirect pages, sales links, opt out links, cookies, and tracking links.

15. Documents sufficient to show all IP addresses for web sites, e-mail servers, or web servers you used in email advertising with Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

16. All documents showing statistical data you collect from domains used in email you have conducted with Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

17. All opt-out requests, complaints and responses thereto relating to email sent for your advertising campaigns with Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

18. Documents sufficient to show any code or other means you have used to identify that an email sent as part of your advertising campaigns with Hydra or Connexus/Vendare Media/Net Blue, Inc. was part of your advertising campaign, and not some other advertiser's campaign.

19. Documents sufficient to show any code or other means you have used to identify that an email sent as part of your advertising campaigns with Hydra or Connexus/Vendare Media/Net Blue, Inc. was part of your advertising campaign with Hydra or Connexus/Vendare Media/Net Blue, Inc., and not some other ad network's campaign.

20. Documents sufficient to show all postal mailing addresses you have used in emails as an advertiser or affiliate (publisher) since 2004.

21. All specifications, insertion orders or contracts with Hydra or Connexus/Vendare Media/Net Blue, Inc. since 2004.

22. All documents relating to any disclosure, sale, transfer or exchange of the e-mail addresses of persons who opted-out of email sent as part of your advertising campaigns since 2004.

-4-

    a. Document is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.

    b. A draft or other non-identical copy is a separate document within the meaning of this term.

    c. If a document responsive to this subpoena is or was created, manipulated and/or stored as in an electronic format, you are to produce the electronic document in its original electronic form on CD-ROM or DVD media along with a detailed description of the files produced.

    d. <u>Documents are to be produced in their native form with metadata attached</u>.

6. "Relate," "relates," "relating," or "related" means documents that mention, describe, constitute, discuss, memorialize, contain, reflect, depict or refer in any way, directly or indirectly, to the specified topic or topics.

7. All singular terms include the plural, and all plural terms include the singular.

8. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the requested topic all responses that might otherwise be construed to be outside its scope and are not to be interpreted in such a manner as to exclude any information within the scope.

9. The terms "all," "any" and "each" are to be construed as all, any and each.

10. "Including" means "including but not limited to."

| | | |
|---|---|---|
| JS 44 (Rev. 2/08) | CIVIL COVER SHEET | **08-81363** |

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**
Beyond Systems, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jennie L. Kneedler
Stepice & Johnson, LLP
1330 Connecticut Ave NW
Washington, DC 20036

**DEFENDANTS**
Connexus, Corp.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

[Stamp: FILED by __ D.C. NOV 14 2008 STEVEN M. LARIMORE CLERK U.S. DIST. S.D. of FLA.]

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

[Handwritten: LoPB 08-81363 - Marra/Johnson]

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE _____    DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
_____

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD  s/ _____
DATE 11-17-08

FOR OFFICE USE ONLY
AMOUNT $39.00  RECEIPT # 990419 IFP
11/17/08